IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP KELLEY, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )    No. CIV-23-747-R |
| | ) |
| KEVIN STITT, et al., | ) |
| | ) |
|        **Defendants.** | ) |

**ORDER**

Plaintiff Philip Kelley, a state prisoner proceeding pro se,[1] brought this civil rights action under 42 U.S.C. § 1983 against Governor Kevin Stitt and members of the Oklahoma Pardon and Parole Board. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin issued a Report and Recommendation [Doc. No. 10] recommending that Plaintiff's Amended Complaint be dismissed upon screening because it asserts claims that are not properly brought under § 1983. Plaintiff filed a timely Objection [Doc. No. 11] and the Court must therefore make a de novo determination of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

Plaintiff's Amended Complaint asserts two claims. First, Plaintiff alleges that Governor Stitt violated Plaintiff's constitutional rights by rejecting legislation that would "bring about sentencing reform" and "do away with indeterminate sentencing." Doc. No.

---

[1] Because Petitioner is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

8 at 3. Second, Plaintiff alleges that the lack of uniform criteria or specific rules governing Oklahoma's pardon and parole proceedings violates his right to due process. *Id.* at 4. The Amended Complaint then requests a court order compelling Governor Stitt "to sign a sentencing reform (matrix) that will ensure uniform sentencing and do away with indeterminate unjust sentences" and to adopt certain rules governing parole proceedings or, alternatively, to pay damages to Plaintiff. The Amended Complaint also states that Plaintiff "is seeking to have his sentence modified to reflect the amount of time he has to serve to satisfy a Life or Life w/o Parole sentence[,]"requests that "his sentence be set at a minimum of 18-60 years[,]" and complains that Oklahoma's parole process denies him "a meaningful avenue in which to obtain relief from his unjust sentence[.]" Doc. No. 8-2 at 3-5.

Judge Erwin construed these claims as challenging the legality or execution of Plaintiff's sentence. And, as Judge Erwin correctly noted, claims challenging the legality or execution of a sentence must be brought in a petition seeking habeas relief. *See Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) ("[A] challenge to the execution of a sentence should be brought under 28 U.S.C. § 2241."). In his Objection, Plaintiff takes issue with this characterization and argues that he is asserting claims for violation of his Fourteenth Amendment Due Process rights.[2] Upon de novo review, the Court agrees that the

---

[2] Plaintiff's Amended Complaint also references the Equal Protection Clause of the Fourteenth Amendment and asserts that other state prisoners have achieved post-conviction

allegations in the Amended Complaint challenge the legality and execution of Plaintiff's sentence. Plaintiff specifically requests "sentencing reform" or additional parole procedures that would either modify the duration of his sentence or result in a speedier release via parole. Section 1983 is not the proper vehicle for these types of claims.

However, liberally construed, Plaintiff's second claim could also be read as raising a challenge to Oklahoma's parole process that would not necessarily undermine the fact or duration of Plaintiff's sentence. In that case, § 1983 would be the proper vehicle for the claim. *Wilkinson*, 544 U.S. at 81-82 (holding that "§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner"). But construing Plaintiff's challenge to Oklahoma's parole procedures as properly brought pursuant to § 1983 is ultimately of little help to Plaintiff because there is "no constitutionally protected due process liberty interest" in Oklahoma's discretionary parole system. *Griffith v. Bryant*, 625 F. App'x 914, 917 (10th Cir. 2015). Because there is no protected liberty interest, any alleged deficiencies in Oklahoma's parole procedures do not violate Plaintiff's due process rights.

Accordingly, upon de novo review, the Court finds that Plaintiff's Amended Complaint fails to state plausible claims under 42 U.S.C. § 1983. The Report and Recommendation is therefore ADOPTED and this action is dismissed without prejudice.

---

relief. The mere fact that other prisoners have been awarded post-conviction relief is not sufficient to state a plausible equal protection claim. *See Daniels v. Dowling*, 731 F. App'x 756, 759 (10th Cir. 2018) (petitioner failed to state plausible equal protection claim where he alleged that another prisoner submitted the same post-conviction application but failed to show that they were similarly situated).

IT IS SO ORDERED this 7th day of November 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE